Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000307
30-JUN-2015
08:30 AM

NO. CAAP-15-0000307

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee
of the Residential Asset Securitization Trust 2006-A8,
Mortgage Pass-Through Certificates Series 2006-H Under the
Pooling and Servicing Agreement dated June 1, 2006,
Plaintiff/Counterclaim-Defendant/Appellee,
v.
MICHAEL C. GREENSPON,
Defendant/Counter-Claim Plaintiff/
Third-Party Plaintiff/Appellant,
and
DAVID B. ROSEN, The Law Office of David B. Rosen,
OCWEN LOAN SERVICING, LLC, Third-Party Defendants/Appellees,
and
DOES 1-10, inclusive, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 14-1-0395(2))

ORDER GRANTING JUNE 12, 2015 MOTION TO DISMISS APPELLATE COURT
CASE NUMBER CAAP-15-0000307 FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Upon review of (1) Plaintiff/Counterclaim-Defendant/

Appellee Deutsche Bank National Trust Company, as Trustee of the

Residential Asset Securitization Trust 2006-A8, Mortgage Pass-

Through Certificates Series 2006-H Under the Pooling and

Servicing Agreement Dated June 1, 20016, and Third-Party Defendants/Appellees OCWEN Loan Servicing LLC, David B. Rosen, Esq., and the Law Office of David B. Rosen, ALC's (the Appellees), June 12, 2015 motion to dismiss appellate court case number CAAP-15-0000307 for lack of appellate jurisdiction, (2) Defendant/Counterclaim Plaintiff/Third-Party Plaintiff/ Appellant Michael C. Greenspon's (Appellant Greenspon) June 15, 2015 memorandum in opposition to the Appellees' June 12, 2015 motion to dismiss, and (3) the record, it appears that we lack appellate jurisdiction over Appellant Greenspon's appeal from the Honorable Peter T. Cahill's

- January 16, 2015 interlocutory order denying Appellant Greenspon's motion to dismiss the complaint in this matter, and

- March 3, 2015 interlocutory order denying Appellant Greenspon's motion for reconsideration of the January 16, 2015 interlocutory order,

because the circuit court has not yet entered a separate final judgment as to all claims in Civil No. 14-1-0395 (2) (PTC).

Hawaii Revised Statutes ("HRS") § 641-1(a) (1993 & Supp. 2014) authorizes appeals to the Hawaiʻi Intermediate Court of Appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Rule 58 of the Hawaiʻi Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." The Supreme Court of Hawaiʻi has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming

-2-

& Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). Consequently, "[a]n appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted).

On June 1, 2015, the circuit court clerk filed the record on appeal for appellate court case number CAAP-15-0000307, which does not include a final judgment. Although exceptions to the final judgment requirement exist under the doctrine in Forgay v. Conrad, 47 U.S. 201 (1848) (the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b) (1993 & Supp. 2014), neither the January 16, 2015 interlocutory order nor the March 3, 2015 interlocutory order satisfies the requirements for appealability under the Forgay doctrine, the collateral order doctrine, or HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order). Absent an appealable final judgment, we lack appellate jurisdiction and Appellant Greenspon's appeal is premature.

-3-

Therefore, IT IS HEREBY ORDERED that the Appellees' June 12, 2015 motion to dismiss this appeal for lack of appellate jurisdiction is granted, and appellate court case number CAAP-15-0000307 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, June 30, 2015.

Presiding Judge

Associate Judge

Associate Judge

-4-